## COHEN'S CASE.

*New York Common Pleas; Special Term, June,* 1859.

### INSOLVENT'S DISCHARGE.

Facts throwing suspicion upon the honesty of the insolvent's proceedings.

Petition for a discharge in insolvency.

HILTON, J.—Cohen, the applicant, upon a petition signed, or purporting to be signed by two-thirds of his creditors, asks to be discharged from his debts.

He has been examined by several creditors opposing his application, and a careful perusal of his examination fails to satisfy me that he has honestly and fairly given a true account of his estate.

His debts amount to over $30,000, as appears by the schedule annexed to his petition, and yet he says that no one owing him any money, at any time heretofore, has failed to pay him. His business and all his property seems to have become vested in his son, who lives with him, and it does not appear in what manner the son acquired the means wherewith to become the purchaser. These facts, in addition to the unsatisfactory account given by the applicant of his various alleged debts to the petitioning creditors, throw a suspicion upon the application, which is heightened by the examination of a few of those creditors who are assisting him in his endeavor to obtain the discharge applied for.

The testimony of Marcus E. Harris, who is one of these, shows the alleged indebtedness to him to be clearly fictitious, and the same may be said of the alleged indebtedness to Men-

dell Joseph, and to the greater part of Jacob Cohen's pretended claim.

Rejecting these, and conceding all the remainder to be actual debts owing by the applicant, there would not be two-thirds in amount of his entire indebtedness owing to the petitioning creditors.

For these reasons his application for discharge is refused.